UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARRILLO SARAT,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al*.,<br>Respondents. | Case No. 1:26-cv-03868 (VC)<br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 14 |

Before the Court is Petitioner David Carrillo Sarat's Amended Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 14 ¶¶ 65–84. For the reasons that follow, the Court GRANTS the Amended Petition and orders Petitioner's immediate release.

Petitioner is a native of Guatemala who entered the United States approximately twenty years ago without inspection by immigration authorities. *Id*. ¶ 20; Dkt. No. 14-2 at 11. He has lived in the United States for the past two decades working in tile installation pursuant to a valid work authorization document issued by USCIS. Dkt. No. 14-2 at 49.

On February 17, 2026, Petitioner was pulled over by police in Fort Meyer, Florida for changing lanes without using his turn signal, and was subsequently arrested for driving without a valid license. *Id*. at 42. Aside from this traffic infraction, Respondents have not indicated that Petitioner has further criminal history. Following his arrest, police contacted ICE, which then issued an Administrative Warrant for his arrest. Dkt. No. 8 at 6, 9. He was transferred to ICE custody on or around February 24, 2026, and has remained detained since. *Id*. at 6.

While acknowledging that this argument has been widely rejected, Respondents maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). *See* Dkt. 8 at 1–2. As such, Petitioner has not been provided a bond hearing, nor does it appear that an Immigration Officer has made any individualized finding of dangerousness or risk of flight if Petitioner is released. Petitioner argues that Respondents' failure to provide him with a bond hearing, or make any kind of individualized custody determination, violates both the Immigration and Nationality Act and his due process rights as he is entitled to receive the statutory process of 8 U.S.C. § 1226(a). *See* Dkt. No. 14-1 at 4.

The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing. *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, the appropriate remedy here is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or that a custody determination was made by an authorized immigration official);

*Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public).

Accordingly, the Amended Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If the Federal Government seeks to re-detain Petitioner, they must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 11, 2026

VINCE CHHABRIA
United States District Judge